IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00350-WYD-MJW

STEVE F. MACK,

    Plaintiff(s),

v.

ALBERTO GONZALES, Attorney General U.S. Department of Justice, Bureau of Prisons,

    Defendant(s).

## ORDER

THIS MATTER is before the Court on Defendant's Motion to Dismiss, filed May 9, 2006 (docket #9).  Defendant requests dismissal of the Complaint in this matter without prejudice pursuant to Fed. R. Civ. P. 12(b)(1), based on Plaintiff's alleged failure to exhaust his administrative remedies.  I have reviewed the motion, response, reply and file in this matter.  In consideration thereof, I find that the motion should be DENIED.

Plaintiff filed his Complaint on February 26, 2006, alleging unlawful employment practices in the federal services based on retaliation for engaging in protected activities in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").  Prior to filing the Complaint, Plaintiff filed a Complaint of Discrimination with the Bureau of Prisons ("BOP") and the United States Department of Justice on November 12, 2003 (the "Individual Complaint").

According to the motion, during the administrative processing of the Individual Complaint, another BOP employee named Dennis Turner filed a class complaint on behalf of all BOP employees, which also alleged retaliation for engaging in protected activities ("Class Complaint").  An Administrative Law Judge issued an initial decision certifying the Class Complaint as a class action on December 2, 2005.  The ALJ defined the class as "all Agency employees and former employees who engaged in protected EEO activity and subsequently were subject to retaliation . . . from 1994 to present."  On January 11, 2006, the Department of Justice ("DOJ"), on behalf of the BOP, issued a Final Agency Decision rejecting the ALJ's certification decision, and appealing that decision to the EEOC's Office of Federal Operations.  *See* 29 C.F.R. § 1614.110.  On January 30, 2006, the ALJ presiding over Plaintiff's Individual Complaint issued an order stating that Plaintiff's Individual Complaint would be subsumed into the Class Complaint because the claims asserted therein came "within the definition of the class complaint and should be subsumed within the class."  The ALJ placed Plaintiff's Individual Complaint "in abeyance because the complaint is subsumed within a class complaint pending at the EEOC."  As noted above, Plaintiff filed the instant case on February 26, 2006.  To date, the DOJ's appeal is pending.

Exhaustion of administrative remedies is a jurisdictional prerequisite to instituting a Title VII action in federal court.  *Khader v. Aspin*, 1 F.3d 968 (10th Cir. 1993).  Exhaustion of administrative remedies must be completed by the person aggrieved.  *See* 42 U.S.C. § 2000e-16(c) (1999).  "Special regulations govern the filing of discrimination claims by federal government employees."  *Monreal v. Potter*, 367 F.3d

1224, 1226-27 (10th Cir. 2004) (citing 29 C.F.R. § 1614). "Pursuant to these regulations, employees who wish to file claims of discrimination must first 'consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.'" *Monreal*, 367 F.3d at 1227; 29 C.F.R. § 1614.105(a) (1997). "If the counseling is unsuccessful, the employee may file a formal complaint with the agency that discriminated against him or her." *Id.*; § 1614.106. "Employees wishing to file a complaint of *class* discrimination must follow similar procedures." *Id.*; § 1614.204. "If 180 days passes without a final decision by the agency or the EEOC on an individual or class complaint, the complaining employee may file a civil action against the agency in an appropriate United States District Court." *Id.*; § 1614.407.

Here, it is undisputed that Plaintiff filed his Individual Complaint on November 12, 2003, and that the 180-day period expired on or about May 12, 2004, approximately four months before the Class Complaint was filed. Nevertheless, Defendant contends that Plaintiff has not exhausted his administrative remedies because his Individual Complaint was later subsumed into the class identified in the Class Complaint. Citing EEOC Management Directive 110 (MD-110), Defendant contends that Plaintiff may not opt out of the class complaint, and must either pursue individual relief as part of the Turner class or, if class certification is rejected on appeal, pursue his individual claim through the administrative process or by filing a civil action at that time. *See* 29 C.F.R. § 1614.204(i)(2) ("[i]f the administrative judge finds no class relief appropriate, he or she shall determine if a finding of individual discrimination is warranted and, if so, shall recommend appropriate relief."); *see also* 29 C.F.R. 1614.204(l)(2) (when class-

wide discrimination is not found, the agency must nevertheless process "each individual complaint that was subsumed into the class complaint.").

Plaintiff disagrees, and contends that there is no connection between his Individual Complaint and the Class Complaint, and that there is no existing class within which to subsume his Individual Complaint. Plaintiff further challenges Defendant's reliance on MD-110, in support of his assertion that Plaintiff's Individual Complaint is "subsumed" into the Class Complaint. According to Plaintiff, while the EEOC may have the authority to place an individual complaint in abeyance pending resolution of a class complaint comprised of similar allegations, MD-110 cannot be interpreted to divest a plaintiff's statutory right to file a civil action.

EEOC Management Directive 110, Chapter 8, Part III.C states that "[a]n individual complaint that is filed before or after the class complaint is filed and that comes within the definition of the class claim(s), will not be dismissed but will be subsumed within the class complaint. If the class complaint is dismissed at the certification stage, the individual complaint may still proceed, unless the same or another basis for dismissal applies." Congress has provided the EEOC with broad authority to promulgate procedural regulations to govern the processing of discrimination complaints. *See* 42 U.S.C. 2000e-16(b).

I agree with Defendant that the EEOC has the authority, pursuant to MD-110, to "subsume" individual complaints within a related class complaint. However, I question whether a decision to "subsume" an individual complaint can alter the exhaustion requirements set forth in 42 U.S.C. § 2000e-16(c). As discussed above, it is

-4-

undisputed that Plaintiff exhausted his administrative remedies with respect to his Individual Complaint on or about May 12, 2004.  See 42 U.S.C. § 2000e-16(c).

Even if the decision to "subsume" Plaintiff's Individual Complaint into the Class Complaint means that Plaintiff is required to exhaust his individual claims through administration of the class complaint, I find that those exhaustion requirements were met as of July 10, 2006.  A Final Agency Decision rejecting class certification was issued on January 11, 2006.  Because this final order did not implement the decision of the ALJ, the DOJ was required to simultaneously appeal the ALJ's decision.  See 29 C.F.R. § 1614.204(d)(7).  As of July 10, 2006, that appeal had been pending before the EEOC's Office of Federal Operations for over 180 days.  To date, the EEOC has not decided the appeal.  Where a final agency decision is appealed, a claimant may file a civil action "[a]fter 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission."  See 29 C.F.R. § 1614.407(d).  A claimant entitled to file a civil action is defined by 29 C.F.R. § 1614.407, as a: (1) a complainant who has filed an individual complaint; (2) an agent who has filed a class complaint or; (3) a claimant who has filed a claim for individual relief pursuant to a class complaint.  Defendant contends that Plaintiff does not meet any of these definitions because when his Individual Complaint was "subsumed" into the Class Complaint, he was no longer "a complainant who has filed an individual complaint."  I disagree this assertion.  Clearly, Plaintiff is a complainant who filed an individual complaint.

In conclusion, I find that Plaintiff exhausted his administrative remedies at the latest, on July 11, 2006, and may proceed with his Title VII claim.

For the reasons stated herein, it is hereby

ORDERED that Defendant's Motion to Dismiss, filed May 9, 2006 (docket #9) is hereby **DENIED**.

Dated:  January 23, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge