IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00350-WYD-MJW

STEVE F. MACK,

Plaintiff(s),

v.

ALBERTO GONZALES, Attorney General U.S. Department of Justice, Bureau of Prisons,

Defendant(s).

---

**ORDER**

---

THIS MATTER is before the Court on Defendant's Motion for Reconsideration of Order, filed February 5, 2007 (docket #33). In the motion, Defendant seeks reconsideration of this Court's order denying Defendant's Motion to Dismiss, entered January 23, 2007 (docket #29) (the "Order").

Plaintiff filed his Complaint on February 26, 2006, alleging unlawful employment practices in the federal services based on retaliation for engaging in protected activities in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"). In its motion to dismiss, Defendant asserted that Plaintiff failed to exhaust his administrative remedies prior to filing his Complaint because his individual administrative complaint was later subsumed into a class action complaint. Defendant asserted that Plaintiff must either pursue individual relief as part of the class complaint or, if class certification is rejected on appeal, pursue his individual claim through the

administrative process or by filing a civil action at that time. *See* 29 C.F.R. § 1614.204(i)(2) ("[i]f the administrative judge finds no class relief appropriate, he or she shall determine if a finding of individual discrimination is warranted and, if so, shall recommend appropriate relief."); *see also* 29 C.F.R. 1614.204(l)(2) (when class-wide discrimination is not found, the agency must nevertheless process "each individual complaint that was subsumed into the class complaint."). In response, Plaintiff asserted that there is no connection between his individual complaint and the class complaint, and that there is no existing class within which to subsume his individual complaint. Plaintiff further challenged Defendant's reliance on MD-110, in support of his assertion that Plaintiff's individual complaint is "subsumed" into the class complaint.

In the Order, I agreed with Defendant that the EEOC has the authority, pursuant to MD-110, to "subsume" individual complaints within a related class complaint, but found that even if the decision to "subsume" Plaintiff's individual complaint into the class complaint means that Plaintiff was required to exhaust his individual claims through administration of the class complaint, those exhaustion requirements were met, at the latest, on July 10, 2006.

In the motion for reconsideration, Defendant maintains that notwithstanding that conclusion, I must dismiss this action because Plaintiff filed his Complaint in this Court on February 26, 2006, prior to the time exhaustion was complete.

"'The Federal Rules of Civil Procedure recognize no motion for reconsideration.'" *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted); *see also Lawrence v. Maher*, 62 Fed.Appx. 907, 2003 WL 1889961, at

*1 (10th Cir. 2003) (unpublished); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). However, district courts have the inherent power to alter or amend interlocutory orders, prior to the entry of final judgment. *Nat. Business Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F. Supp. 2d 1250, 1255 (D. Colo. 2000). The Court's inherent power is rooted in the court's equitable power to "'process litigation to a just and equitable conclusion.'" *Nat. Business Brokers*, 115 F. Supp. 2d at 1256 (quotation and internal quotation marks omitted).

I have reviewed Defendant's motion for reconsideration and find no merit to the arguments contained therein. As noted in the Order, it is undisputed that Plaintiff filed his individual complaint on November 12, 2003, and that the 180-day exhaustion period associated with his individual complaint expired on or about May 12, 2004, approximately four months before the class complaint was filed. Even if Plaintiff was required to exhaust his individual complaint through administration of the class complaint, those exhaustion requirements were met as of July 10, 2006. Thus, any defect associated with Plaintiff's alleged failure to exhaust his claims with respect to the class complaint were cured as of July 10, 2006. *See Martin v. Central States Emblems, Inc.*, 150 Fed. Appx. 852, 855 n.3, *cert. denied*, 126 S.Ct. 1392 (2006) (failure to obtain a right-to-sue letter prior to commencement of suit was a curable defect where there is no evidence that the EEOC or defendant was prejudiced by the premature filing). There is no evidence that Plaintiff's filing of his Complaint in this Court on February 26, 2006, caused any prejudice to the United States Department of Justice or the Bureau of Prisons.

Based on the foregoing, it is hereby

ORDERED that Defendant's Motion for Reconsideration of Order, filed February 5, 2007 (docket #33) is **DENIED**.

Dated: February 27, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge