IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00350-WYD-MJW

STEVE F. MACK,

    Plaintiff,

v.

MICHAEL B. MUKASEY, Attorney General U.S. Department of Justice, Bureau of Prisons,

    Defendant.

---

**ORDER**

---

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment, filed November 2, 2007 (docket #55). For the reasons stated below, Defendant's Motion for Summary Judgment is denied.

I.    FACTUAL BACKGROUND

This case arises out of Plaintiff Steve Mack's employment with the United States Penitentiary - Administrative Maximum (ADX), at the Federal Correctional Complex in Florence, Colorado (FCC-Florence). Plaintiff was first employed by the United States Bureau of Prisons (BOP) from 1984 until 1996, when he left to pursue education opportunities. Prior to leaving BOP, Mr. Mack was employed as a Counselor with BOP from May 1990 until his departure in April 1996 at two different BOP facilities: the Federal Correctional Institute (FCI) in Lexington, Kentucky, and the United States Penitentiary (USP) in Florence, Colorado.

In 1997, Mr. Mack began re-applying to BOP at the FCC- Florence institutions; he applied for one Counselor and several Correctional Officer positions. After failing to be re-hired by BOP, Mr. Mack filed an EEO complaint against BOP on February 13, 1998. Mr. Mack's EEO complaint resulted in a December 2000 settlement between him and BOP. Pursuant to the EEOC settlement agreement in December 2000, Mr. Mack was reinstated at BOP as a GS-8 Correctional Officer at ADX on April 22, 2001. Mr. Mack's reinstatement was contingent upon a standard background investigation resulting in him being able to obtain a security clearance.

In about June 2003, Mr. Mack applied for a GS-9 Counselor position at ADX under vacancy announcement 03-FCC-ADX-019, which was later re-announced under vacancy announcement 03-FCC-ADX-023. Warden Robert Hood was the selecting official for the Counselor position. Mr. Hood was employed as Warden at ADX from July 2002 to April 2005. He was not employed at ADX or FCC - Florence at the time of Mr. Mack's prior EEO action in 1998, or at the time of Plaintiff's reinstatement with BOP in 2001.

Mr. Mack was not selected for the Counselor position; instead, Jose Arroyo, another applicant who was employed at ADX as a Special Investigative Services Technician, was selected. Mr. Arroyo's most recent Employee Performance Appraisal prior to his application for the Counselor position rated Mr. Arroyo as "Outstanding" -the highest possible rating - in all categories. Mr. Mack's most recent Employee Performance Appraisal prior to his application for the Counselor position, rated him as "Outstanding" in two job elements and "Excellent" in three job elements.

At the time of Mr. Arroyo's selection, there were no other Spanish-speaking counselors at ADX.  Mr. Arroyo speaks Spanish and ADX contains a Spanish-speaking population of inmates.  Mr. Arroyo's position at the time of his application for the Counselor position was that of SIS Technician.

II.     STANDARD OF REVIEW

Pursuant to rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).  "When applying this standard, [the court must] 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'"  *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).  "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'"  *Id.* (quotation omitted).

III.    ANALYSIS

Defendant argues that Plaintiff cannot establish a prima facie case of retaliation because he cannot establish a causal connection between his non-selection and his prior EEO activity.  Title VII's anti-retaliation provision forbids employer actions that 'discriminate against' an employee (or job applicant) because [s]he has 'opposed'" a

3

practice that Title VII forbids or has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or hearing.'" *Burlington Northern and Santa Fe Ry. Co. v. White*, ___ U.S. ___, 126 S. Ct. 2405, 2410 (2006).  The Supreme Court clarified in *White* that the anti-retaliation provision of Title VII "is not limited to discriminatory actions that affect the terms and conditions of employment." *Id*. at 2412-13.  It also "extends beyond workplace-related or employment-related retaliatory acts and harm." *Id*. at 2414.  "The anti-retaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Id*.  In order for an injury or harm to be actionable, it must have a requisite "level of seriousness." *Id*. at 2415; *see also Williams v. W.D. Sports*, ___ F.3d ___, 2007 WL 2254940, at *5 (10th Cir. 2007).  "The standard is tied to the challenged retaliatory act, not the underlying conduct that form[ed] the basis of the Title VII [discrimination] complaint." *Id*. at 2416.

In order to establish a prima facie case of retaliation after *White*, "a plaintiff must demonstrate (1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Jencks v. Modern Woodmen of America*, 479 F.3d 1261, 1265 n.3 (10th Cir. 2007).  Here the only element at issue is whether Mr. Mack can establish a causal connection between his non-selection and his prior EEO activity.

Defendant argues that amount of time between Mr. Mack's protected activity and the adverse action is too great for Plaintiff to rely upon temporal proximity to establish causation.  However, because Plaintiff asserts that he is not relying upon temporal

4

proximity to establish causation I will not address this argument at length.  The causal connection "'may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct followed by adverse action.'" *Conner*, 121 F.3d at 1395 (quoting *Burrus v. United Tel. Co. of Kan., Inc.*, 683 F.2d 339, 343 (10th Cir. 1983).  "Unless the termination is very closely connected in time to the protected conduct, the plaintiff will need to rely on additional evidence beyond temporal proximity to establish causation.  *Id.* (4 month time lag between plaintiff's participation in protected activity and his termination is not itself sufficient to justify an inference of causation or the causal element, citing cases).  Here, it is clear that five years, by itself, is insufficient to establish causation.

Plaintiff asserts that causal connection may be shown by evidence of circumstances that justify an inference of retaliatory motive.  As evidence of this motive, Plaintiff submits the following: the circumstances surrounding Plaintiff's reinstatement, the circumstances following his voluntary resignation; the fact that he applied for the Correctional Counselor position twice in 2002, the 2003 vacancy announcement at issue in this case, 2004, and 2005; and the fact that Associate Warden David Duncan advised Mr. Mack that he did not like him because he had been forced to pay $10,000 from his budget in connection with the settlement of Mr. Mack's EEO Complaint.  I find that the statement by Associate Warden David Duncan combined with Plaintiff's five attempts to be promoted to the Correctional Counselor position are sufficient evidence from which a causal connection can be inferred.  In other words, there is a factual dispute about the existence of a causal connection.

Plaintiff also asserts that there is voluminous and overwhelming direct evidence of a policy and practice of retaliation for protected EEO activity throughout the management of the Bureau of Prisons. As evidence of this policy and practice, Plaintiff directs my attention to the case of *Dennis Turn v. Alberto Gonzales*, EEOC Nos. 320-2005-0046X and 320-2005-0333X, wherein plaintiff, who is an employee at the Florence complex, filed a class action complaint with EEOC, alleging that the BOP repeatedly retaliated against employees who engaged in EEO activity. I reviewed this material and the significance of it will be determined at trial.

Since Plaintiff has established a prima facie case, Defendant must articulate a legitimate, nondiscriminatory reason for the adverse employment action. *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1252 (10th Cir. 2001)(citing *McDonnel Douglas v. Green*, 411 U.S. 792, 802 (1973)). Here, I find that Defendant has offered such a reason. Defendant asserts that Defendant's reason for not selecting Plaintiff was that Mr. Arroyo possessed experiences and qualifications that would allow him to execute the duties of a Counselor more fully than any other applicant. Defendant contends that Mr. Arroyo was a Spanish speaker in an environment where many inmates were Spanish speakers and where there were no other Spanish-speakers in the Counselor position. Additionally, Defendant asserts that Mr. Arroyo's gang-knowledge and general experience as an SIS Technician gave him advantages over Plaintiff. Finally, Defendant notes that in the position of SIS Technician, Mr. Arroyo received ratings of "Outstanding" in all categories; in contrast, Plaintiff received lesser ratings in his Correctional Officer Position.

Thus, "the burden then shifts back to the plaintiff to show that 'there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual.'" *Richmond v. Oneok, Inc.*, 120 F.3d 205, 208 (quoting *Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir.1995) (internal quotation marks omitted). "A plaintiff can demonstrate pretext by showing 'weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's ... reasons for its action,' which 'a reasonable factfinder could rationally find .. . unworthy of credence.'" *Id*. at 209 (quoting *Morgan*, 108 F.3d at 1323) (citations and internal quotations omitted). "Mere conjecture that the employer's reason is pretext, however, will not defeat a motion for summary judgment." *Id*.

In the case at hand, I find that Plaintiff has presented at least some evidence of pretext, and that summary judgment should be denied. Plaintiff worked for six years as Correctional Counselor at the full performance level of GS-9, at two separate BOP facilities, and received excellent performance evaluations. Although, Defendant cites to *Peterson v. Utah Dep't of Corr.*, wherein the court held that an employee's own subjective opinions regarding his qualifications "do not give rise to a dispute of material fact regarding pretext." 301 F.3d 1182, 1191, I believe that the instant case is distinguishable. Here, Plaintiff is not merely speculating as to his qualifications and experience. Plaintiff held the Correctional Counselor position, the position at issue in this case, for six years, compared to Mr. Arroyo who never worked as a Correctional Counselor. I find that this weakness in the reasons proffered by Defendant could be evidence of pretext.

7

Based upon the foregoing, it is

ORDERED that Defendant's Motion for Summary Judgment, filed November 2, 2007, is **DENIED**.

Dated: September 16, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge